UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LADS NETWORK SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT FOR COPYRIGHT |
| AGILIS SYSTEMS, LLC, | ) | INFRINGEMENT |
| ARCHLOGIX, LLC, and | ) | DEMAND FOR JURY TRIAL |
| GILEAD GROUP, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

COMES NOW Plaintiff, LADS Network Solutions, Inc., ("Plaintiff LADS") by and through undersigned counsel, and for its causes of action against Defendants, Agilis Systems, LLC ("Defendant Agilis"), Archlogix, LLC ('Defendant Archlogix"), and Gilead Group, LLC ("Defendant Gilead") (hereinafter Defendant Agilis, Defendant Archlogix and Defendant Gilead may be referred to collectively as "Defendants"), states and alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff LADS brings this action seeking to put an immediate stop to, and to obtain redress for, Defendants' blatant and purposeful infringement of the copyright in software and source code developed by Plaintiff LADS.

2. Plaintiff LADS, in business since 1969, is a provider of dispatching software since 1985, wireless data communications since 1989, and mobile GPS based software solutions since 1998.

3. Recognizing Plaintiff LADS' expertise in logistics software solutions, Defendants have taken and used the copyrighted software of Plaintiff LADs for their own personal benefit and use.

4. Defendants' conduct is causing, and unless immediately enjoined will continue to cause, enormous and irreparable harm to Plaintiff LADS. Defendants may not continue to exploit Plaintiff LADS' software without authorization.

5. Defendants' conduct must immediately be stopped, and Plaintiff LADS must be compensated for Defendants' willful acts of infringement.

## JURISDICTION AND VENUE

6. This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, et seq.

7. This Court has subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

8. This Court has personal jurisdiction over Defendants because, among other things, Defendants are doing business in the State of Missouri and in this judicial district, the acts of infringement complained of herein occurred in the State of Missouri and in this judicial district, and Defendants have caused injury to Plaintiff LADS and its intellectual property within the State of Missouri and in this judicial district.

9. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and/or § 1400(a).

## PARTIES

10. Plaintiff LADS Network Solutions, Inc. ("Plaintiff LADS") is a Missouri corporation with its principal offices in St. Louis County, Missouri.

11. Defendant Agilis System, LLC ("Defendant Agilis") is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri.

12. Defendant Archlogix, LLC ("Defendant Archlogix") is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri

13. Defendant Gilead Group, LLC ("Defendant Gilead") is a Delaware limited liability company registered to do business in the State of Missouri and operates its business in St. Louis County, Missouri.

14. Upon information and belief, Defendant Gilead is the majority owner of both Defendant Agilis and Defendant Archlogix and controls the operations of both Defendant Agilis and Defendant Archlogix.

15. Plaintiff is informed and believes and on that basis avers that at all times mentioned in this complaint, each of the Defendants was the agent and/or alter ego of each of the other Defendants and, in doing the things alleged in this complaint, was acting within the course and scope of such agency.

## **GENERAL AVERMENTS**

16. Plaintiff LADS is the owner of a registered copyright concerning logistic software which Plaintiff LADS developed and licensed to others (the "Infringed Software"). A copy of Plaintiff LADS' registration is attached hereto and incorporated herein as Exhibit A.

17. In 2004, Plaintiff LADS through a Bilateral Intellectual Property Transfer and License Agreement, shared with Siliga Systems, Inc. f/k/a Agilis Systems ("Siliga"), Inc. all of its copyrighted software as it related to dispatch, wireless data communications, and mobile GPS

3

tracking software; the copyrighted source code; and a significant amount of its trade secrets accumulated over 29 years.

18. In 2006, Plaintiff LADS and Siliga entered into a Licensing Agreement for the continued use of Plaintiff LADs' copyright software and source code.

19. In March 2007, Plaintiff LADS entered into a new licensing agreement with Siliga for the continued use of its copyrighted software and source code.

20. In October 2007, without permission and consent of Plaintiff LADS, Siliga Systems, Inc. allegedly assigned its rights under the license agreement to Defendant Agilis.

21. Thereafter, Defendant Agilis commenced using Plaintiff LADS' copyrighted software and source code; however, Defendant Agilis ceased making any payments for the use of said software and source code on or before October 2009. The license, by its own terms, expired effective 1/1/10.

22. Up to and including at the time of filing this Complaint, Defendant Agilis has used and continues to use the copyrighted software and source codes owned by Plaintiff LADS, but without license or other authorization from Plaintiff LADS.

23. Upon information and belief, in July 2017, Defendant Gilead and its members created Defendant Archlogix and began using Plaintiff LADS' copyrighted software for its own purposes without the consent of Plaintiff LADS nor payment to Plaintiff LADS.

24. Plaintiff LADS is entitled to injunctive relief and redress for Defendants' willful, intentional and purposeful use and exploitation of the Infringed Software for their own financial benefit with full knowledge that such use constituted infringement of, and was in disregard of, Plaintiff LADS' rights.

4

## COUNT I
## COPYRIGHT INFRINGEMENT
**(17 U.S.C. §§ 106 and 501)**
(By Plaintiff LADS Against Defendant Agilis and Defendant Archlogix)

25.     Plaintiff LADS incorporates herein by this reference each and every averment contained in paragraphs 1 through 24, inclusive.

26.     Through their conduct averred herein, Defendant Agilis and Defendant Archlogix have infringed Plaintiff LADS' copyright in the Infringed Software in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

27.     Defendant Agilis' and Defendant Archlogix' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff LADS' rights.

28.     As a direct and proximate result of said infringement by Defendant Agilis and Defendant Archlogix, Plaintiff LADS is entitled to damages in an amount to be proven at trial.

29.     Plaintiff LADS is are also entitled to Defendant Agilis' and Defendant Archlogix' profits attributable to the infringement, pursuant to 17 U.S.C. § 504(b), including an accounting of and a constructive trust with respect to such profits.

30.     Plaintiff LADS is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. § 505 and otherwise according to law.

WHEREFORE, Plaintiff LADS prays for judgment against Defendant Agilis and Defendant Archlogix, and each of them, jointly and severally, as follows:

A.     For damages in such amount as may be found, or as otherwise permitted by law.

B.     For an accounting of, and the imposition of constructive trust with respect to, Defendant Agilis' and Defendant Archlogix' profits attributable to their infringements of Plaintiff LADS' copyright in the Infringed Software.

C. For a preliminary and permanent injunction prohibiting Defendant Agilis and Defendant Archlogix, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiff LADS' copyright in the Infringed Software.

D. For prejudgment interest according to law.

E. For Plaintiff LADS' attorneys' fees, costs, and disbursements in this action.

F. For such other and further relief this Court deems just and proper.

## COUNT II
### Piercing Corporate Veil
(By Plaintiff LADS against Defendants)

31. Plaintiff LADS incorporates herein by this reference each and every averment contained in paragraphs 1 through 30, inclusive.

32. The controlling owners of Defendant Agilis, Defendant Gilead and Defendant Archlogix, Kent Kalkwarf and David Barford, are convicted felons, having been convicted of a multi-million dollar fraudulent schemes against shareholders.

33. Kent Kalkwarf, in his capacity as Managing Director of the Defendant Gilead, a controlling entity of Defendant Agilis, and David Barford, in his capacity as acting COO of Defendant Agilis, worked in concert to deprive Plaintiff LADS of any payments for the use of the Infringed Software.

34. Defendant Gilead has complete domination over Defendant Agilis and Defendant Archlogix as to policy and business transaction in respect to the use of the Infringed Software, so that Defendant Agilis and Defendant Archlogix have no separate mind, will or existence of their own.

35. Defendant Gilead was able to achieve this domination through fraud and deceit.

6

36. In 2007 Defendant Gilead entered into an agreement with Siliga, wherein a new entity would be formed, Defendant Agilis, with Defendant Gilead owning 11% for a $500,000.00 investment, and Siliga would own 89%.

37. Further, Defendant Gilead took on the accounting and books of Defendant Agilis for a 3.5% fee.

38. As part of the agreement with Siliga, Defendant Gilead promised to find, or invest, a minimum of $3,000,000.00 in Defendant Agilis based on projections agreed to by Defendant Gilead and Siliga, at which point Defendant Gilead would own 44% of Defendant Agilis.

39. In December 2007, Defendant Gilead, through its Managing Director, Kent Kalkwarf, paid down Defendant Agilis' debt in the amount of $100,000.00 in violation of Defendant Agilis' operating agreement, drastically reducing Defendant Agilis' cash position.

40. In 2008, Defendant Agilis more than achieved the projections agreed to; however, Defendant Gilead revised Defendant Agilis' projections violating the original agreement between Defendant Gilead and Siliga.

41. From January through March of 2008, Defendant Gilead, through its Managing Director, Kent Kalkwarf, refused to record sales that were booked and billed to insure Defendant Agilis fell short on revenue projections.

42. In April 2008 Defendant Agilis was forced by financial and other considerations to enter into a new agreement with Defendant Gilead in exchange for $1,500,000.00 investment in Defendant Agilis, Defendant Gilead was given a commission of 1 million shares in Defendant Agilis as a finder's fee for finding future investments of $5,000,000.00, Defendant Gilead was

7

given control of three board seats which were added to the current board of Defendant Agilis, and Defendant Gilead was given 1.5 million shares of Defendant Agilis.

43. Through its control of the Board of Defendant Agilis, Defendant Gilead "deemed" themselves an additional 1.5 million shares in Defendant Agilis, and Defendant Gilead thereby took controlling interest in Defendant Agilis with only a $2 million total investment as compared to the Siliga total investment of $4 million just 6 months previously.

44. The combined total of 4.5 million shares allowed Defendant Gilead to take total control of Defendant Agilis, leaving Siliga only an 8% interest in Defendant Agilis.

45. Thereafter, the operations of Defendant Gilead, Defendant Agilis and Defendant Archlogix are so entwined such that each is the alter ego of the other.

46. The control exerted by Defendant Gilead was used to perpetrate the violation of copyright law, in contravention of Plaintiff LADS' rights.

47. The control exerted by Defendant Gilead and the violation of Plaintiff LADS' rights proximately caused the injuries and unjust loss to Plaintiff LADS.

WHEREFORE, Plaintiff LADS prays for judgment against all Defendants, and each of them, jointly and severally, as follows:

A. For damages in such amount as may be found, or as otherwise permitted by law.

B. For an accounting of, and the imposition of constructive trust with respect to profits attributable to any infringements of Plaintiff LADS' copyright in the Infringed Software.

C. For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in the Infringed Software.

D.      For prejudgment interest according to law.

E.      For Plaintiff LADS' attorneys' fees, costs, and disbursements in this action.

F.      For such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff LADS demands a trial by jury.

Dated: January 3, 2019               Respectfully submitted,

PATRICIA A. WILCOX
8908 Crest Oak Lane
St. Louis, MO  63126
314/803-0723
wilcoxlawllc@aol.com

STINSON LEONARD STREET LLP

By:   */s/ Keith A. Rabenberg*
Keith A. Rabenberg, #35616MO
7700 Forsyth, Suite 1100
St. Louis, MO  63105
314-345-7006
keith.rabenberg@stinson.com

Attorneys for Plaintiff LADS

D.    For prejudgment interest according to law.

E.    For Plaintiff LADS' attorneys' fees, costs, and disbursements in this action.

F.    For such other and further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff LADS demands a trial by jury.

Dated: January 3, 2019    Respectfully submitted,

PATRICIA A. WILCOX
8908 Crest Oak Lane
St. Louis, MO  63126
314/803-0723
wilcoxlawllc@aol.com

STINSON LEONARD STREET LLP

By:   */s/ Keith A. Rabenberg*
Keith A. Rabenberg, #35616MO
7700 Forsyth, Suite 1100
St. Louis, MO  63105
314-345-7006
keith.rabenberg@stinson.com

Attorneys for Plaintiff LADS