UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LADS NETWORK SOLUTIONS, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00011-AGF |
| | ) | |
| AGILIS SYSTEMS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on the motions of Plaintiff LADS Network Solutions, Inc. ("LADS") to compel the production of documents (ECF No. 46) and to amend or correct the Case Management Order (ECF No. 53). For the reasons set forth below, the Court will defer ruling on the motion to compel, and the motion to amend or correct the Case Management Order will be granted.

## BACKGROUND

LADS filed this copyright infringement action, alleging that Defendants used, without the permission or consent of LADS, certain copyrighted logistic software. Defendants filed a counterclaim for breach of contract, asserting that LADS is barred from asserting its copyright infringement claims pursuant to the terms of a separate settlement agreement. Defendants also assert a claim for breach of contract regarding a November 1, 2007 license agreement and a claim for abuse of process.

The current discovery dispute arises out of three requests for production directed at Defendants seeking the production of: (1) database schema relevant to the litigation;

(2) certain indemnification agreements; and (3) documents to support Defendants' claims of damages in their counterclaim.[1]

Defendants oppose the production of source code due to its highly sensitive and confidential nature. ECF No. 55. Defendants believe that a neutral third party should be retained to host the data and "compare the dueling source codes." Defendants also argue that the remainder of LADS's motion to compel is moot in light of Defendants' recent production. Lastly, Defendants express concerns that LADS will not comply with any protective order governing the confidentiality of the source code and reiterate the necessity of a third party protocol.

LADS in its reply concedes that the only issue remaining before the Court is the production of Defendants' database schema. LADS emphasizes its discovery request seeks only Defendants' "database schema," which it asserts is a small portion of the computer source code. ECF No. 55 at 3. In response to Defendants' concerns regarding the disclosure of confidential information, LADS states that the stipulated protective order agreed by the parties provides for a protocol for the exchange of "highly confidential information," including database schema. LADS states that "if the remainder of the source code must be eventually produced, the necessary additional protocol can be put into place." *Id.*

---

[1] LADS also asks the Court to strike Defendants' objections to LADS's discovery requests and order Defendants to provide properly signed and sworn answers to Interrogatories. However, based on the representations of Defendants' counsel, it appears that these issues have been resolved.

On October 1, 2019, LADS filed a motion to amend the Case Management Order. ECF No. 53. Specifically, LADS maintains that it was unable to comply with the expert disclosure deadline because Defendants had not yet produced the source code. Defendants did not file any opposition to the motion.

**The Parties' Protective Order and Defendants' Responses**

As further background, the Court notes that LADS first served its first requests for production of documents and interrogatories on April 30, 2019. LADS agreed to give Defendants additional time to respond, and also complied with Defendants' request for separate requests for each Defendant.

Prior to any responses, counsel began negotiating the terms of a protective order. In an email dated June 19, 2019, counsel for Defendants advised LADS' attorney he would have responses and objections to Plaintiff's counsel on or before June 28. He further stated:

> I will have revisions to the protective order for our mutual review and discussion and subject to our clients (sic) further input. Please pay particular attention to the definition of "Highly Confidential Information". My intention is to capture source code type information but the language may well be improved by the clients. As I stated, my contact is out until Tuesday.
>
> One item I intended to address earlier today: When we spoke on May 30 you pitched the idea of a joint inspection protocol. I expressed reservations, which I still have. However, you were going to forward a proposal for review. Are you still intending to send over a protocol or have you moved on from that idea?"

ECF No. 46-4.

On June 28, 2019, Defendants served written responses to the discovery requests, but did not produce any actual documents. In their response to the production of

documents, Defendants interposed more than three pages of boilerplate "General Objections," in 17 numbered paragraphs, and thereafter preceded many of its responses with objections which stated, "Defendant incorporates by reference its General Objections as set forth above." ECF No. 46-6. With respect to the request for database schema still at issue, Request No. 13, Defendants likewise incorporated by reference their General Objections. Defendants further objected on the ground that the request sought highly confidential information and trade secretes without the benefit of a protective order, and on the further ground that the request "is overly broad, unduly burdensome, not limited in scope, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence." Subject to these objections, and without waiving them, Defendants stated that they would "produce documents response (sic) to the request on the condition that an agreeable protocol regarding the exchange of high confidential information is attained." *Id.*

On July 18, 2019, the parties filed a joint motion for protective order, which sets forth procedures for designating and treating "Confidential Information" and "Highly Confidential Information." Defendants produced some, but not all, documents on August 7, 2019. LADS thereafter continued to attempt to get additional production, and in particular attempted to get the information in Request No. 13 and a few other categories covered by the motion to compel, prior to the parties' early mediation. The parties conducted a mediation conference on August 21, 2019, that was not successful.

On August 29, 2019, LADS filed the instant motion to compel. Defendants obtained two extensions of time to respond to the motion to compel, and it appears that

Defendants continued thereafter to produce some of the requested documents during this time period.  In the second Order granting additional time, Defendants were given until September 20, 2019, to respond.  No response was filed by September 20, and on September 23, LADS filed a supplemental memorandum in support of its motion to compel, detailing the developments that occurred in September, including what production had since been made and what still had not been produced.  Still having no response from Defendants to the motion to compel, the Court issued an Order to Show Cause on September 27, 2019, giving Defendants until October 4, 2019, to show cause why the motion to compel should not be granted.  (ECF No. 52.)  Thereafter, on October 4, 2019, Defendants filed their response to the Order to Show Cause.

## **DISCUSSION**

As an initial matter, the Court observes that Defendants' objections to the discovery requests are improper and fail to comply with the Federal Rules of Civil Procedure as amended in 2015.  Rule 34(b)(2)(B) as amended explicitly requires a party to "state with specificity the grounds for objecting to the request, including the reasons."  Rule 34(b)(2)(C) further requires that "[an] objection must state whether any responsive materials are being withheld on the basis of that objection."  As the Advisory Notes make clear, if objected to as overbroad, the response must identify any scope of the request that is not overbroad.  Counsel's signature on the response certifies, in part, that to the best of that person's "knowledge, information and belief formed after a reasonable inquiry" the response is consistent with the rules.  Fed. R. Civ. P. Rule 26(g).  And Rule 26(g)(3)

provides that if a certification violates the rule without substantial justification the court *must* impose an appropriate sanction on the signer, the party, or both.

Thus, Defendants' incorporation of their 17 boilerplate General Objections is improper, and the Court will disregard those objections. *See*, *e.g., Michael Kors, L.L.C. v. Su Yan Ye*, 1:18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. April 8, 2019) (noting, "Plaintiff's objections were boilerplate and its description of the documents it would produce vague... . A number of courts have held that an objection that does not appropriately explain its grounds is forfeited." (citing cases)); *Gabiola v. Mugshots.com, LLC*, Case No. 16 C 2076, 2019 WL 426143, at *2 (N.D. IL Feb. 4, 2019) (striking as improper the defendants' responses that incorporate their general objections). Further, the Court finds no basis for Defendants' additional boilerplate objection in its response to Request No. 13, that the request "is overly broad, unduly burdensome, not limited in scope, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence." Indeed, there is nothing in Defendants' response suggesting that the information is not relevant, or that it is either overbroad or unduly burdensome. Instead, Defendants argue only that a protocol to assure confidentiality is appropriate.

It is time, nearly four years after the effective date of the amendments to the discovery rules, for counsel to properly take note of the amendments and conduct themselves in accordance with the amendments. Boilerplate objections or responses that do not identify whether documents have been withheld pursuant to the objections are no

longer proper.² As such, both parties are directed to review their responses to the opposing parties' discovery requests, and to supplement their responses to state whether any responsive documents have been withheld on the basis of any objection.

With respect to the request for the database schema, the parties have not provided the Court with enough information for an informed determination of the dispute. LADS states that it requests only the database schema, suggesting that it is more narrow than and only a portion of the source code, but does not explain what database schema is; what type of information would be produced in response to the request; why it is relevant; or why the protections offered by the protective order are sufficient for this information, while perhaps insufficient for the source code as a whole. And Defendants do not discuss the distinction between source code and the database schema at all, merely discussing the need to protect its source code. As such, the Court will require the parties to provide more information.

Further, in light of Defendants' delay in producing documents responsive to Plaintiff's motion to compel, the Court will grant LADS's motion to extend its expert witness disclosure deadline by thirty (30) days after any further disclosure. The Court will further direct the parties to meet and confer regarding the current Case Management Order and submit a joint proposed scheduling plan for the remainder of the litigation.

---

² The 2015 amendments likewise impose proportionality and specificity requirements on requesting parties. However, no issues with respect to the Plaintiff's requests or Plaintiff's own responses to Defendants' discovery requests have been presented to the Court.

Lastly, upon due consideration, the Court will deny LADS's request that Defendants reimburse LADS for the expenses incurred in pursing its motion to compel, but cautions Defendants that going forward, they must respond to discovery requests and motions in a timely manner and consistent with the Federal Rules of Civil Procedure.

**CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that within fourteen (14) days of the date of this Order, Plaintiff and Defendants must supplement their responses to all document requests to identify whether documents were withheld pursuant to any objections.

**IT IS FURTHER ORDERED** that the parties shall promptly meet and confer with respect to request for production of the database schema, and attempt to reach an agreement with respect to the manner of production. If the parties are unable to reach agreement, each party shall file a supplemental memorandum on or before **November 8, 2019**, detailing the difference between the database schema and source code in general, it relevance, and why the terms of the protective order in place in the case are sufficient or insufficient to address any confidentiality concerns. Plaintiff's and Defendants' supplemental memoranda may not exceed three (3) pages, double-spaced. Each party may file a response on or before **November 14, 2019**, which may not exceed three (3) pages.

**IT IS FURTHER ORDERED** that LADS's motion to amend or correct the Case Management Order is **GRANTED**. ECF No. 53.

**IT IS FURTHER ORDERED** that, on or before **November 18, 2019**, the parties shall meet and confer about the remaining case deadlines and submit a joint proposed scheduling plan for the remainder of the litigation.

Dated this 4th day of November, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE