# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LADS NETWORK SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00011-AGF |
| | ) | |
| AGILIS SYSTEMS, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM & ORDER

This matter comes before the Court on the motion of Plaintiff LADS Network Solutions, Inc. to compel the production of documents. ECF No. 46. On November 4, 2019, the Court addressed the issues raised in the motion and determined that it did not have enough information to make an informed determination with regard to the request for the production of database schema. It then directed the parties to supplement the record. The parties timely complied.

As described by Defendants Agilis Systems, LLC, Archlogix, LLC, and Gilead Group, LLC, a database schema is:

> a roadmap into Defendants' source code and identifies via tables and columns, how the software functions. In other words, the schema identifies in table and column form, similar to a diagram, the interplay and how the information is gathered and displayed for an end user . . . Through the various file paths, the schema will illustrate how this data is collected and the manner in which it is ultimately revealed to the end user.

ECF No. 57 at 2.[1]

Defendants in their response to Plaintiff's request for production of the database schema stated that they would produce it "on the condition that an agreeable protocol regarding the exchange of highly confidential information is attained."[2] Defendants maintain that the parties' stipulated protective order (ECF No. 40) is silent as to any protocol for the exchange of this highly sensitive information, and they seek a Court order providing additional protective measures. Plaintiffs argue that the language of the protective order was agreed upon by the parties and is sufficient to protect the confidentiality of the information.

"A district court has very wide discretion in handling pretrial discovery and [the Eighth Circuit is] most unlikely to fault its judgment unless, in the totality of the circumstances, its rulings are seen to be a gross abuse of discretion resulting in fundamental unfairness in the trial of the case." *U.S. ex rel. Kraxberger v. Kansas City Power & Light Co.*, 756 F.3d 1075, 1082 (8th Cir. 2014). In cases involving highly confidential information, such as trade secrets, "a court shall preserve the secrecy of an alleged trade secret by reasonable means, which may include granting protective orders in connection with discovery proceedings, holding in-camera hearings, sealing the

---

[1] This description of a database schema was provided by Defendants in their supplemental memorandum in opposition to the motion to compel. Plaintiff in its response states that Defendants' description of the database schema is accurate. ECF No. 60 at 1.

[2] Defendants do not dispute the relevance of the database schema, and thus the Court assumes that it is relevant to the litigation for purposes of Federal Rule of Civil Procedure 26.

2

records of the action, and ordering any person involved in the litigation not to disclose an alleged trade secret without prior court approval." Unif. Trade Secrets Act § 5.

Defendants maintain that a computer programmer may be able to reverse engineer the source code, which is "the secret blueprint of computer software," from the database schema. Thus, they suggest a disclosure protocol used by the Northern District of California, which limits the inspection of certain highly confidential information to a computer without Internet or network access and prohibits any party from copying the information. Plaintiff does not assert that the disclosure protocol would be prejudicial or unduly burdensome, but merely asserts that it is unnecessary in light of the protective order already in place.

Upon careful review, the Court concludes that the disclosure protocol suggested by Defendants is reasonable in light of the circumstances of this case and that such disclosure is not adequately addressed by the existing protective order. Defendants notified Plaintiff of their willingness to provide the database schema pursuant to an "agreeable protocol," and they have suggested a protocol that appears reasonable and does not prejudice any party. Thus, the Court will direct the parties to meet and confer regarding a date when an inspection at a mutually agreeable location on a computer without Internet or network access may take place.

**IT IS HEREBY ORDERED** that Plaintiff LADS Network Solutions, Inc.'s motion to compel the production of documents is **GRANTED IN PART and DENIED IN PART**, as set forth in this Order. ECF No. 46.

**IT IS FURTHER ORDERED** that, on or before **December 6, 2019**, the parties shall meet and confer regarding a mutually agreeable date and location for the inspection of Defendant's database schema shall take place.

Dated this 22nd day of November, 2019.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE