# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LADS NETWORK SOLUTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-cv-00011-SEP |
| AGILIS SYSTEMS, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's Unopposed Motion to Continue Sealing, Doc. [157], and the Parties' Joint Motion to Continue Sealing of Certain Documents Filed Under Seal, Doc. [170]. For the reasons set forth below, the motions are denied.

### FACTUAL BACKGROUND

In October 2021, Plaintiff filed its unopposed motion for continued sealing. Doc. [157]. Plaintiff requested that the Court enter an order which would continue sealing "all documents filed herein under seal," but offered no arguments in support of its request. *Id.* at 1.

Later, in January 2022, the parties filed a joint motion for continued sealing. Doc. [170]. In that motion, the parties request the Court to continue completely sealing four exhibits: (1) "Exhibit 3 – Contribution Agreement"; (2) "Exhibit C.2 – LADS's Unredacted Source Code Submitted to the Copyright Office"; (3) "Exhibit C.17 – LADS Source Code"; and (4) "Exhibit 2 – Agilis Database Schema." *Id.* ¶ 3. The parties also ask the Court to keep sealed the following documents, and to allow the parties leave to file redacted versions of the same: (1) Dan Huber's Declaration; (2) LADS's Memorandum in Opposition to the third Motion for Summary Judgment; (3) another Huber Declaration; (4) Jim Lebeau's Declaration; (5) Defendants' Reply to their third Motion for Summary Judgment; and (6) Naeem Bari's Declaration.[1] *Id.* ¶ 4.

In support of their second motion, the parties argue that the "majority of the documents for which the parties request continued sealing or redactions relate to confidential computer source

---

[1] The parties also request that the Court indefinitely seal Doc. [68-4]. However, the parties point out that "the documents filed by Defendants under Doc. #68 appear to have not been filed under seal, although Defendants intended to file them under seal." Doc. [170] at 2 n.1. Because Doc. 68-4 has been in public view for years, the Court denies the parties' request for retroactive sealing.

code" constituting "confidential business information and trade secrets." Doc. [171] at 1. Another document "contains confidential information related to the sale of certain assets" as well as "references to third parties." *Id.* at 2. The parties assert that "[b]usinesses have a very strong interest in retaining the confidentiality of computer source code that contains trade secrets," and argue that because the "Copyright Office rules . . . permit redacted versions of the code to be filed," this Court should follow suit. *Id.* at 3. The parties neither explain why the materials they wish the Court to maintain under seal are secret, nor do they assert that harm would result should the public have access to the documents at issue.

## LEGAL STANDARD

There is a "common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222 (8th Cir. 2013). When evaluating motions to seal, the "court must first decide if the documents in question are 'judicial records,' and if so, must next consider whether the party seeking to prevent disclosure has overcome the common-law right of access." *Flynt v. Lombardi*, 885 F.3d 508, 511 (8th Cir. 2018) (quoting *IDT Corp.*, 709 F.3d at 1222-23). "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so." *Flynt*, 885 F.3d at 511 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). "[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and [the] resultant value of such information to those monitoring the federal courts." *IDT Corp.*, 709 F.3d at 1224 (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)).

## DISCUSSION

### I.   Plaintiff's Motion for Sealing, Doc. [157]

Plaintiff's motion fails to follow Eastern District of Missouri Local Rule 13.05. The rule requires litigants to follow a specific procedure when requesting the sealing of judicial records. Among other things, the proponent of sealing must file an unsealed motion for sealing that generally describes "the material or information sought to be filed under seal without disclosing the substance of the material sought to be kept confidential"; "the legal grounds for sealing"; and . . ., if requesting indefinite sealing, "the reasons supporting the request." E.D. Mo. L.R. 13.05(A)(4)(a) (internal numerals omitted). Because Plaintiff's motion merely requests that "that all documents filed herein under seal remain [indefinitely] sealed," Doc. [157] at 1, and fails to state "the reasons supporting the request," the Court denies the motion. E.D. Mo. L.R. 13.05(A)(4)(a)(iii).

### II.   Joint Motion for Continued Sealing, Doc. [170]

The joint motion suffers from a similar defect: The parties simply fail to provide any factual basis justifying sealing. Because the Court decides motions for leave to file under seal "in light of the relevant facts and circumstances of the particular case," *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978), lack of admissible evidence alone constitutes a basis for denying the motion. *Skky, LLC v. Facebook, Inc.*, 191 F. Supp. 3d. 977, 981 (D. Minn. 2016) ("Defendants assert that the information they redacted constitutes 'confidential and sensitive business and personnel information'. . . . But Defendants make no effort to support these bare assertions with any evidence."); *see also United States v. Hughes*, 2022 WL 3700907, at *3 (E.D. Mo. Aug. 26, 2022). The parties provide nothing approaching admissible evidence—no testimony, no declarations, no affidavits. And even if the *ipse dixit* of counsel counted as evidence, counsel provides the Court with nothing more than the bald assertion of the parties' "interest in . . . confidentiality." Doc. [171] at 3. While the law certainly supports granting properly supported motions to seal trade secrets and other confidential business information, provided with no evidence and only generic justifications, the Court concludes that the parties failed to provide "compelling reasons" for sealing. *See Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1223 (Fed. Cir. 2013) (sealing was appropriate when "Apple submitted declarations from several Apple employees . . . explaining the measures Apple takes to maintain each document's confidentiality and describing the competitive harm Apple would suffer from disclosure"). Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion to Continue Sealing, Doc. [157], and the Joint Motion to Continue Sealing of Certain Documents Filed Under Seal, Doc. [170], are **DENIED**.

**IT IS FURTHER ORDERED** that this order is **STAYED** for fourteen days. *See* E.D. Mo. L.R. 13.05(A)(4)(g).

Dated this 28th day of September, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE