UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LADS NETWORK SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| AGILIS SYSTEMS, LLC, et al., | ) ) |
| Defendants. | ) |

Case No. 4:19-cv-00011-SEP

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Entry of Amended Judgment. Doc. [184]. For the reasons set forth below, the motion is granted. Also before the Court is Defendants' Motion for Attorneys' Fees, Doc. [189], which is denied without prejudice to refiling.

### FACTUAL AND PROCEDURAL BACKGROUND

On January 3, 2019, Plaintiff filed its Complaint alleging infringement of its copyright in certain software and source code. Doc. [1] ¶ 1. Plaintiff alleged that it entered into a series of licensing agreements with Siliga, Inc. (Siliga), allowing Siliga to use Plaintiff's copyrighted materials. *Id*. ¶¶ 17-19. In October 2007, Siliga assigned its licensing rights to Defendant Agilis, which thereafter began using Plaintiff's copyrighted source code and eventually ceased paying Plaintiff for such use. *Id*. ¶¶ 20-21. In July 2017, Defendant Gilead, LLC (Gilead) created Defendant Archlogix, LLC (Archlogix). *Id*. ¶ 23. Archlogix also commenced using Plaintiff's copyrighted source code without compensation. *Id*. ¶ 23. Plaintiff brought a claim for copyright infringement against Agilis and Archlogix. *Id*. at 5-6. Defendants answered and brought three state-law based counterclaims against Plaintiff: (1) one claim for breach of contract alleging that, pursuant to the First Amendment to the 2007 License Agreement, LADS had granted Defendants a perpetual license to use LADS's intellectual property; (2) a second claim for breach of contract alleging that, in the absence of a perpetual license, LADS's claims against Defendants were released pursuant to a Settlement Agreement entered into in 2014; and (3) a claim for abuse of process, alleging that LADS filed its Complaint to force Agilis to pay LADS money to which LADS was not legally entitled. Doc. [16].

1

On January 8, 2020, Defendants moved for summary judgment, arguing that Plaintiff (1) perpetually licensed the software to Defendants pursuant to the 2007 License Agreement; (2) acknowledged that the intellectual property was owned by Defendants; and (3) was otherwise barred from bringing this lawsuit because its claims were covered by a release executed by Plaintiff in July 2014 in connection with the Settlement Agreement. Doc. [66] at 1. The Court denied the motion, finding that Defendants failed to show the absence of a material dispute regarding the existence of a perpetual license under the First Amendment to the 2007 License Agreement, and that the existence of a genuine material dispute regarding the enforceability of the 2014 Settlement Agreement precluded summary judgment on that issue. Doc. [133].

On April 3, 2020, Defendants filed a second motion for summary judgment, arguing that Plaintiff's copyright registration was invalid pursuant to 17 U.S.C. § 411(b). Docs. [82], [83] at 14-15. Defendants alleged the registration was invalid because Plaintiff's application included materials that did not exist until after May 1, 2000, the date on which the copyrighted material at issue—the GPStrac source code—was first published. *Id.*; *see also* 17 U.S.C. § 411(b). On March 26, 2021, as required by 17 U.S.C. § 411(b)(2), the Court queried the Copyright Office as to whether that Office would have refused registering Plaintiff's September 15, 2014, application "had it known that the deposit material/source code submitted with the application . . . included source code created after the purported publication date of May 1, 2000[.]" Doc. [134] at 1. On August 3, 2021, the Copyright Office responded that it would have denied registration under those circumstances. Doc. [137] as 1 ("[I]f the Office had been aware that the deposit submitted on September 15, 2014, included source code created after the May 1, 2000 publication date provided in the application, it would not have registered the work.").

The Court took up the second summary judgment motion at an August 25, 2021, hearing and granted judgment in favor of Defendants with respect to the copyright claims. Doc. [141]. On the record, the Court found that Plaintiff could not maintain a civil action for copyright infringement under 14 U.S.C. § 411(a) because there was no genuine dispute of material fact that inaccurate information was knowingly included in Plaintiff's certificate of registration and that, had the Copyright Office known of the inaccuracy, it would have refused registration. Doc. [147] at 3:8-20; *see also* 14 U.S.C. § 411(b). The Court issued a written Judgment, stating that "judgment is entered in favor of Defendants . . . and this case is dismissed." Doc. [145].

2

On September 28, 2021, Plaintiff moved under Federal Rules of Civil Procedure 59(e) and 60(b), requesting that the Court reconsider its decision to grant judgment for Defendants. Doc. [149].  The Court denied Plaintiff's motion to reconsider, Doc. [177], and Plaintiff appealed to the Eighth Circuit Court of Appeals, Doc. [179].

Defendants moved to dismiss the appeal, arguing to the Eighth Circuit that this Court's judgment was not final and appealable because Defendants' Counterclaims were unresolved. The Eight Circuit granted the motion to dismiss the appeal, stating:

> Appellee's motion to dismiss for lack of a final order is granted.  The district court's orders do not clearly indicate that the counterclaims have been resolved.  If the district court intended to dismiss the counterclaims, it may say so in an amended order and judgment.  In such case, this appeal may be refiled.

Doc. [183].

## DISCUSSION

**I.     The Court will issue an amended judgment.**

When Defendants brought their first motion for summary judgment, they argued that Plaintiff had granted Defendants a perpetual license pursuant to the 2007 License Agreement, and that Plaintiff had released all claims against them in the 2014 Settlement Agreement. Plaintiff now asserts that when the Court denied Defendants' first motion for summary judgment, Doc. [133], it rejected Defendants' contract-based arguments, and in so doing, ruled in Plaintiff's favor on the merits of Counts I and II of Defendants' Counterclaim.  Doc. [184] at 2.  Plaintiff further argues that in so ruling, the Court "implicitly rejected Defendants' abuse of process claim in Count III of the Counterclaim." *Id*. at 3.  Defendants respond that when the Court denied their first summary judgment motion, it merely held that issues of material fact precluded summary judgment, and the order was not dispositive of the Counterclaims.

The Court agrees with Plaintiff and the Eighth Circuit that its Judgment entered on August 31, 2021, Doc. [145], should be amended to clarify the status of Defendants' Counterclaims, but it rejects Plaintiff's interpretation of that ruling.  The Court did not explicitly or implicitly rule on the merits of Defendants' Counterclaims when it denied their first motion for summary judgment.  The Court simply found that issues of material fact precluded summary judgment in Defendant's favor at that time.  Doc. [133].

The Court did not, and will not now, rule on the merits of Defendants' Counterclaims. What it will do, and what it should have done at oral argument on the second motion for

3

summary judgment, is decline to exercise supplemental jurisdiction over Defendants' three state-law based Counterclaims because all federal claims have been adjudicated and no independent basis exists for jurisdiction over the state-law claims against Plaintiff.  *See* 28 U.S.C. § 1367(c)(3); *see also In re Pre-Filled Propane Tank Antitrust Litig.*, 893 F.3d 1047, 1059-60 (8th Cir. 2018) ("Congress unambiguously gave district courts discretion in 28 U.S.C. § 1367(c) to dismiss supplemental state law claims when all federal claims have been dismissed."); *see also Keating v. Neb. Pub. Power Dist.*, 660 F.3d 1014, 1018-19 (8th Cir. 2011) (A grant of a defendant's summary judgment motion qualifies as a "dismissal" under § 1367(c).).  In "the usual case in which all federal-law claims are eliminated," a district court should decline to exercise supplemental jurisdiction over remaining state-law claims.  *Aldridge v. City of St. Louis, Missouri*, 75 F.4th 895, 901 (8th Cir. 2023).  Here, having dispatched all federal claims, the Court will not retain jurisdiction over Defendants' Counterclaims, but will dismiss them without prejudice.  *See Marianist Province of United States v. City of Kirkwood*, 944, F.3d 996, 1003 (8th Cir. 2019) ("We have held that when federal claims are resolved before trial, the 'normal practice' is to dismiss pendent claims without prejudice, thus leaving plaintiffs free to pursue their state-law claims in the state courts, if they wish.") (quoting *Stokes v. Lokken*, 644 F.2d 779, 785 (8th Cir. 1981)).  Accordingly, Plaintiff's motion for amended judgment is granted, consistent with the foregoing, and an amended Judgment and Order of Dismissal will issue.

**II.**     **The Court will deny without prejudice Defendants' Motion for Attorneys' Fees.**

Also before the Court is Defendants' Motion for Attorneys' Fees.  Doc. [189].  In light of the Court's determination to issue an amended judgment resolving all claims in this matter, the Court will deny the motion without prejudice to refiling after resolution of an appeal of such final order with the Eighth Circuit Court of Appeals.  *See* Fed. R. Civ. P. 54(d)(2)(B) (Advisory Committee's notes to 1993 amendment).  If an appeal is taken, any motion for attorneys' fees must be filed no later than fourteen (14) days after the court of appeals issues its mandate.  If no appeal is taken, any motion for attorneys' fees must be filed by no later than fourteen (14) days after the time to file such appeal has passed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Amended Judgment, Doc. [184] is **GRANTED** for the reasons stated herein.

**IT IS FURTHER ORDERED** that Defendants' Motion for Attorneys' Fees, Doc. [189], is **DENIED** without prejudice.  Defendants may refile the motion in accordance with the Court's instructions herein.

**IT IS FURTHER ORDERED** that Defendants' Motion for Leave to File Under Seal, Doc. [190], which was filed in connection with the Motion for Attorneys' Fees, is also **DENIED** without prejudice to refiling, if necessary, when a renewed motion for attorneys' fees is filed. Defendants will have fourteen (14) days from the date of this Order to withdraw the sealed materials from the docket.

**IT IS FINALLY ORDERED** that Plaintiff's Motion to File Surreply to Motion for Attorneys' Fees, Doc. [197], is **DENIED** as moot.

An Amended Judgment shall issue in accordance with this Order.

Dated this 14th day of September, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE