**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

LADS NETWORK SOLUTIONS INC.,                     )
                                                                        )
                          Plaintiff,                             )
                                                                        )
            v.                                                       )      Case No. 4:19-cv-00011-SEP
                                                                        )
AGILIS SYSTEMS LLC.  et al,                             )
                                                                        )
                          Defendants.                         )

**<u>MEMORANDUM AND ORDER</u>**

Before the Court are Plaintiff's Motion for Leave to Amend the Complaint, Doc. [217], Plaintiff's Motion to Reopen Discovery, Doc. [219], and Defendant's Motion to Reinstate Counterclaims, Doc. [221].  For the reasons set forth below, the Motion for Leave to Amend the Complaint is granted; the Motion to Reopen Discovery for a Limited Purpose is denied; and the Motion to Reinstate Counterclaims is granted.

### FACTS AND BACKGROUND

On January 3, 2019, Plaintiff filed its Complaint alleging infringement of its copyright in certain software and source code.  Doc. [1] ¶ 1.  Plaintiff alleged that it entered into a series of licensing agreements with Siliga, Inc. (Siliga), allowing Siliga to use Plaintiff's copyrighted materials.  *Id.* ¶¶ 17-19.  In October 2007, Siliga assigned its licensing rights to Defendant Agilis, which thereafter began using Plaintiff's copyrighted source code and eventually ceased paying Plaintiff for such use.  *Id.* ¶¶ 20-21.  In July 2017, Defendant Gilead, LLC (Gilead) created Defendant Archlogix, LLC (Archlogix).  *Id.* ¶ 23.  Archlogix also commenced using Plaintiff's copyrighted source code without compensation.  *Id.* ¶ 23.  Plaintiff brought a claim for copyright infringement against Agilis and Archlogix.  *Id.* at 5-6.

Defendants answered and brought three state-law counterclaims against Plaintiff: (1) one claim for breach of contract alleging that, pursuant to the First Amendment to the 2007 License Agreement, LADS had granted Defendants a perpetual license to use LADS's intellectual property; (2) a second claim for breach of contract alleging that, in the absence of a perpetual license, LADS's claims against Defendants were released

pursuant to a Settlement Agreement entered into in 2014; and (3) a claim for abuse of process, alleging that LADS filed its Complaint to force Agilis to pay LADS money to which LADS was not legally entitled.  Doc. [16].

On January 8, 2020, Defendants moved for summary judgment, arguing that Plaintiff (1) perpetually licensed the software to Defendants pursuant to the 2007 License Agreement; (2) acknowledged that the intellectual property was owned by Defendants; and (3) was otherwise barred from bringing this lawsuit because its claims were covered by a release executed by Plaintiff in July 2014 in connection with the Settlement Agreement. Doc. [66] at 1.  The Court denied the motion, finding that Defendants failed to show the absence of a material dispute regarding the existence of a perpetual license under the First Amendment to the 2007 License Agreement, and that the existence of a genuine material dispute regarding the enforceability of the 2014 Settlement Agreement precluded summary judgment on that issue.  Doc. [133].

On April 3, 2020, Defendants filed a second motion for summary judgment, arguing that Plaintiff's copyright registration was invalid pursuant to 17 U.S.C. § 411(b).  Docs.  [82], [83] at 14-15.  Defendants alleged the registration was invalid because Plaintiff's application included materials that did not exist until after May 1, 2000, the date on which the copyrighted material at issue—the GPStrac source code—was first published.  *Id.*; *see also* 17 U.S.C. § 411(b).  On March 26, 2021, as required by 17 U.S.C. § 411(b)(2), the Court queried the Copyright Office as to whether that Office would have refused registering Plaintiff's September 15, 2014, application "had it known that the deposit material/source code submitted with the application . . . included source code created after the purported publication date of May 1, 2000[.]"  Doc. [134] at 1.  On August 3, 2021, the Copyright Office responded that it would have denied registration under those circumstances.  Doc. [137] at 1 ("[I]f the Office had been aware that the deposit submitted on September 15, 2014, included source code created after the May 1, 2000 publication date provided in the application, it would not have registered the work.").

The Court took up the second summary judgment motion at an August 2, 2021, hearing and granted judgment in favor of Defendants with respect to the copyright claims. Docs. [141], [142], following that with a written judgment dismissing the case, Doc. [145]. On September 28, 2021, Plaintiff moved under Federal Rules of Civil Procedure

2

59(e) and 60(b), requesting that the Court reconsider its decision to grant judgment for Defendants. Doc. [149].  The Court denied Plaintiff's motion to reconsider, Doc. [177], and Plaintiff appealed to the Eighth Circuit Court of Appeals, Doc. [179].

Defendants moved to dismiss the appeal, arguing to the Eighth Circuit that this Court's judgment was not final and appealable because the counterclaims were unresolved. The Eight Circuit granted the motion to dismiss the appeal.  Doc. [183].  On December 19, 2022, Plaintiff moved for an entry of amended judgment, requesting clarification of the status of the counterclaims.  Doc. [184].  On September 14, 2024, the Court granted the Plaintiff's motion and entered an order declining to exercise supplemental jurisdiction over the counterclaims.  Doc. [199].

After the entry of the amended summary judgment, Doc. [200], Plaintiff sought, and obtained, a supplemental registration effective September 14, 2021.  Doc. [217] at 18-19. On May 28, 2025, the Eighth Circuit reversed the Court's grant of summary judgment and remanded the case for further proceedings.  Docs. [205],[206].

### LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent."  FED. R. CIV. P. 16(b)(4).  Because Plaintiff seeks to amend the Complaint after the Case Management Order's deadline for amendment, it must satisfy Rule 16(b)'s good-cause standard.  *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) ("Rule 16(b)'s good-cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a).") (citing *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)).  While the standard for a motion to reopen discovery may be higher, at a minimum, Plaintiff's Motion to Reopen Discovery must also meet the Rule 16(b) good cause standard.  *Speed RMG Partners, LLC v. Arctic Cat Inc.*, 2024 WL 4544035, at *1, fn1 (D. Minn. Apr. 9, 2024); *Bradshaw v. FFE Transp. Servs., Inc.*, 715 F.3d 1104, 1108 (8th Cir. 2013) ("Once discovery has closed in a case, it is the district court's discretion whether or not to allow it to be reopened.  The fact that a case has been reset for trial is not automatically a justifiable reason to reopen discovery.").

"The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."  *Sherman*, 532 F.3d at 716-17.  Courts routinely find that good

3

cause exists "when an amendment is based on 'newly discovered facts.'" *Ferrell Mobile Homes, Inc. v. Champion Home Builders, Inc.*, 2018 WL 11326543, at *2 (E.D. Mo. Apr. 17, 2018) (quoting *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012)).  But "where there has been no change in the law, no newly discovered facts, or any other changed circumstance after the scheduling deadline then we may conclude that the moving party has failed to show good cause." *Hartis*, 694 F.3d at 948 (citation modified).

## DISCUSSION

### I.     Plaintiff may amend the Complaint.

The Motion to Amend the Complaint satisfies Rule 16(b)'s good cause standard. Because the purported registration did not exist before the deadline to amend the Complaint, the new registration is analogous to new evidence.  Given the status of this matter when the registration was obtained, Plaintiff's failure to seek amendment earlier does not evince any lack of diligence.  *See Consultus, LLC v. CPC Commodities*, 2021 WL 274744, at *2 (W.D. Mo. Jan. 27, 2021).  Defendants recite a parade of horribles that will result from allowing Plaintiff to amend the Complaint so long after various deadlines in this case have passed, but Plaintiff is not responsible for the time that the case spent pending at the Court of Appeals, and Defendants do not point to any lack of diligence on Plaintiff's part in pursuing the amendment.   The Motion to Amend the Complaint is therefore granted.[1]

### II.     The Court will not reopen discovery.

Plaintiff's Motion to Reopen Discovery does not satisfy Rule 16(b)'s good cause standard.  Plaintiff points to no change in the law, newly discovered fact, or changed circumstance to justify reopening discovery to allow for depositions it failed to pursue during the time allotted under the original case management order.  Nor does its motion satisfy the Court that it exercised diligence in pursuing such depositions before the discovery deadline passed and dispositive motions were due.  Thus, Plaintiff has not made the showing required to satisfy Rule 16(b). *See Hartis*, 694 F.3d at 948.  The Motion to Reopen Discovery is denied.

---

[1] In its discretion, the Court will overlook Plaintiff's failure to comply with the requirements of Eastern District of Missouri Local Rule 4.07 in the initial filing of its Motion for Leave to Amend, but Plaintiff will have 7 days from the date of this Order to come into compliance with that rule.  *See* E.D. Mo. L.R. 4.07 ("All new material in the amended pleading must be underlined and all material being removed must be struck through. . . .").

### III.    Defendant's counterclaims are reinstated.

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding [if]. . . it is based on an earlier judgment that has been reversed or vacated. . . ." FED. R. CIV. P. 60(b)(5).  Here, the counterclaims were dismissed without prejudice because the court declined to exercise supplemental jurisdiction after dismissing Plaintiff's claims.  Doc. [199].   The dismissal of Plaintiff's claims has been reversed.  Doc. [205].  Because the dismissal of the counterclaims was based on an earlier judgment that has since been reversed, their reinstatement is proper.

Plaintiff advances two arguments to the contrary.  The first is that the Defendant used two of the counterclaims (license and settlement) as affirmative defenses without pleading them as affirmative defenses.  *See* Doc. [223] at 1-2.  Plaintiff argues that this requires the court to convert the counterclaims into affirmative defenses.  *Id*.  The factual premise of that claim is clearly controverted by the record.  *See* Doc. [222] at 1.  The second argument is that the Court must refuse to reinstate the abuse of process counterclaim because the Court has already rejected the claim.  *See* Doc. [223] at 3.  The Court has already rejected that interpretation of it's prior ruling.  *See* Doc. [199].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Amend the Complaint, Doc. [217], is **GRANTED**.  Plaintiff will have 7 days from the date of this Order to file an amended complaint that complies with Eastern District of Missouri Local Rule 4.07.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reopen Discovery, Doc. [219], is **DENIED.**

**IT IS FINALLY ORDERED** that Defendant's Motion to Reinstate Counterclaims, Doc. [221], is **GRANTED**.

Dated this 31st day of March, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

5